| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

CHRISTOPHER OMIGIE, §
§
　　　　Movant, §
§
*versus* § CIVIL ACTION NO. 1:16-CV-109
§
UNITED STATES OF AMERICA, §
§
　　　　Respondent. §

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Christopher Omigie filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this court.

One of the grounds for review asserted by movant was that he received ineffective assistance of counsel because counsel failed to file a notice of appeal on his behalf. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending that movant be allowed to file an out-of-time appeal but dismissing the motion to vacate without prejudice in all other respects. (#33 at 6).

The court has received the Report and Recommendation, along with the record, pleadings, and all available evidence. The government filed objections. (#36). The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

After appointing counsel to represent movant, the magistrate judge conducted an evidentiary hearing. Movant and his counsel testified at the hearing. Movant testified that he told counsel during a meeting on April 30, 2015, that he wanted to proceed with an appeal and instructed counsel to file a notice of appeal on his behalf. Counsel testified movant did not instruct him to file a notice of appeal at this meeting.

The magistrate judge observed that both of the witnesses provided credible testimony without internal inconsistencies. However, because there were contestable issues with respect to determinations made by the court in connection with sentencing, issues which if resolved in movant's favor on appeal could have resulted in a significantly shorter sentence, the magistrate judge concluded movant had reason to proceed with an appeal and little reason to forego an appeal. The magistrate judge therefore found by a preponderance of the evidence that movant instructed his counsel to file a notice of appeal and counsel failed to do so.

Initially, the government faults the magistrate judge for finding movant's testimony credible. The government states that in an affidavit he filed in support of his motion to vacate, movant did not state he instructed counsel to file a notice of appeal. The government also states that in the brief filed in support of his motion to vacate, movant never claimed he instructed counsel to file a notice of appeal during the April 30 meeting. Instead, movant simply referred to a letter written by counsel, dated May 5, 2015, as support for his view that the letter itself provided assurance that counsel would file a notice of appeal. Movant confirmed at the hearing that he interpreted the letter this way. The government further points out that in his brief movant said he understood counsel would require an additional $20,000 to handle the appeal and that movant did not have that kind of money. The government wonders why, if that was movant's understanding, he thought counsel was going to file a notice of appeal on his behalf. The government points out that movant never took advantage of the sentencing court's statement that movant could proceed with an appeal on an *in forma pauperis* basis and that if movant did so the clerk could file a notice of appeal for him.

The government correctly points out that in his brief and an affidavit, movant does not state he asked counsel to file a notice of appeal. However, in his motion to vacate itself, movant states counsel failed to file a notice of appeal, contrary to his wishes. (#1 at 4). As movant's written documents were filed *pro se*, it is not surprising that all of his documents do not state every relevant factual assertion. None of movant's written documents give any indication that he did

2

not ask counsel to file a notice of appeal. Moreover, movant testified that while he instructed counsel to file a notice of appeal, he did not ask him to represent him on appeal. (#32 at 42). Thus, whether movant could have afforded counsel's fee would have been irrelevant to his expectation that a notice of appeal would be filed. Finally, if movant asked counsel to file a notice of appeal, there would have been no need for him to seek to proceed *in forma pauperis* in order have the clerk file the notice.

The government also points to inconsistencies in movant's testimony. The government states that after twice indicating he believed the letter assured him counsel would file a notice of appeal, he also stated the terms of the letter contained no such assurance and that the letter made it clear that at the time of the writing of the letter, counsel did not know whether movant wanted him to file a notice of appeal or not.

Initially, it should be observed that movant denied that the letter memorialized what counsel told him in person. (#32 at 35). Movant acknowledged he had cited the letter as support for the point that assurances had been made that a notice of appeal would be filed. (#32 at 37). He further acknowledged the letter indicated it was not clear to counsel whether movant wanted him to file a notice of appeal. (#32 at 40). Finally, he stated the terms of the letter gave no assurance that counsel would file a notice. (#32 at 40-41).

The inconsistency the government points to is a minor one. While movant had cited the letter as support for his assertion that he had assurances a notice of appeal would be filed, he admitted the terms of the letter gave no such assurance. While that is an inconsistency, it is only an inconsistency regarding what the letter says. It does not call into question movant's repeated assertions at the hearing that he instructed counsel to file a notice of appeal.

The government also faults the magistrate judge's rationale for finding movant's testimony more credible. The government states that as the magistrate judge found both witnesses were credible, movant's testimony could not have been more credible by a preponderance of the evidence. The government contends the magistrate erred by concluding that since movant had

3

motivation to proceed with an appeal, he therefore instructed his counsel to file a notice of appeal. The government states that while an attorney must comply with express instructions from a client to file a notice of appeal on his behalf, *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000), the law does not provide that if a defendant had reason to appeal he must have instructed his attorney to file a notice of appeal.

The government misconstrues the magistrate judge's rationale. The magistrate judge did not conclude that if a defendant has reason to appeal he must have instructed his attorney to file an appeal. Rather, the magistrate judge concluded that based on movant's testimony, and the fact that he had motivation to file an appeal and no incentive not to, it was more likely than not that he instructed counsel to file a notice of appeal.

The issue in this case is not free from doubt. However, the court cannot conclude the magistrate judge erred in finding by a preponderance of the evidence that movant instructed counsel to file a notice of appeal. Movant's motivation to proceed with an appeal of the sentencing issues described in the Report and Recommendation, which could have significantly reduced his sentence, and his lack of a reason to forego an appeal, is enough to tip the scales at least slightly in his favor.

**ORDER**

Accordingly, the government's objections to the Report and Recommendation are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. The motion to vacate is **GRANTED** to the extent movant shall be allowed to proceed with an out-of-time appeal and **DISMISSED** without prejudice in all other respects. The judgment in *United States v. Omigie*, 1:13cr96(8), is **VACATED** and the Clerk of Court shall reinstate the judgment as of the date of entry of the final judgment in this proceeding. Movant shall have 14 days from such date in which to file a notice of appeal. If movant is unable to pay the costs of an appeal, he may apply for leave to proceed

*in forma pauperis*. If appropriate, counsel will be appointed to represent movant on appeal. An appropriate final judgment shall be entered.

SIGNED at Beaumont, Texas, this 30th day of May, 2019.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE